UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMITA BROWN, GLEN S. CHAPMAN, and JASON T. CHAPMAN, <br><br>        Plaintiffs, <br><br>  -against- <br><br> NETFLIX, INC., AMAZON.COM, INC., and APPLE INC. <br><br>        Defendants. | Civil Action No.: 19-1507 <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** <br><br><br> ECF Case |

Plaintiffs, Tamita Brown, Glen S. Chapman, and Jason T. Chapman (collectively, the "Plaintiffs"), for their complaint against defendants Netflix, Inc., Amazon.com, Inc., and Apple, Inc., (collectively, the "Defendants"), by and through their attorneys, Knox Law Group, P.C., state and allege as follows:

### NATURE OF THIS ACTION

1. This is an action for willful copyright infringement.  Plaintiffs are the owners of the song entitled Fish Sticks n' Tater Tots (the "Song") and holds a U.S. Copyright Registration in connection therewith.

2. Each of the Defendants is actively reproducing and distributing a film entitled "Burlesque: Heart of the Glitter Tribe" (the "Film").

3. The Film contains an unauthorized performance of the Song.

4. Each Defendant's unlicensed reproduction and distribution of the Film, including the Song, violated and continues to violate the Plaintiffs' rights under the Copyright Act.

5. Plaintiffs seek the maximum damages available to them for the Defendants' past and ongoing willful copyright infringement.

## JURISDICTION AND VENUE

6.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

7.  This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

8.  Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 (b) (3)

## PARTIES

9.  Plaintiff Tamita Brown is an individual residing in the State of New York and co-owner of the rights to the Song.

10. Plaintiff Glen S. Chapman is an individual residing in the State of New York and co-owner of the rights to the Song.

11. Plaintiff Jason T. Chapman is an individual residing in the State of New York and co-owner of the rights to the Song.

12. Defendant Netflix, Inc. is a Delaware corporation registered to do business in New York State as a foreign corporation, located at 100 Winchester Circle, Los Gatos, California 95032. Netflix sells monthly subscriptions to its customers, and broadcasts motion pictures and television to those customers over the internet to computers, tablets, mobile phones and other internet-enabled devices.  Netflix's service is provided throughout the United States, including in this District, and in many countries throughout the world.  Netflix reports that it has over 100 million subscribers.

13. Defendant Amazon.com, Inc. is a Delaware corporation located at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon.com sells various goods and monthly streaming video subscriptions to its customers, and broadcasts motion pictures and television to those

customers over the internet to computers, tablets, mobile phones and other internet-enabled devices.  Amazon.com's services are provided throughout the United States, including within this District, and in many countries throughout the world.  Amazon.com reports that it has over 100 million subscribers.

14. Defendant Apple Inc. is a California corporation with its principal place of business at 1 Infinite Loop, M/S 38-3TX, Cupertino, California 95014.  Apple Inc. broadcasts motion pictures and television over the internet to computers, tablets, mobile phones and other internet-enabled devices to its customers.  Apple Inc.'s services are provided throughout the United States, including within this District, and in many countries throughout the world.  Apple Inc. reports that it has over 500 million users of its iTunes service.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

**Plaintiffs Own the Rights to the Song "Fish Sticks n' Tater Tots"**

15. In 2011, Plaintiffs wrote, arranged and recorded the Song, "Fish Sticks n' Tater Tots" (the "Song")

16. On May 1, 2012, Plaintiffs were granted a U.S. Copyright Registration for the Song, Registration Number PAu 3-615-414.  A copy of the Certificate of Registration is annexed hereto.

17. Plaintiffs created the Song with children being the intended audience.

**The Film**

18. The Film, Burlesque: Heart of the Glitter Tribe, is a film centered on strippers in Oregon.

19. The Film was released on or about March 3, 2017.

20. The Film contains an unauthorized performance of Plaintiffs' Song during a scene in which a woman dances to the Song while removing her clothing.

21. The Song is prominently featured in the referenced scene.

**Netflix, Amazon.com and Apple Inc. Stream the Film**

22. The Film, which includes the Song, is being reproduced and publicly performed over the Netflix, Amazon.com, and Apple Inc. streaming services.

23. Netflix maintains a subscription-based streaming service, delivering film and television content to its subscribers on computers and other internet-enabled devices.

24. Netflix reports that it has over 100 million subscribers to its streaming service.

25. Amazon.com maintains a subscription-based streaming service, delivering film and television content to its subscribers on computers and other internet-enabled devices.

26. Amazon.com reports that it has over 100 million subscribers to its streaming service.

27. Apple Inc. allows its users to purchase and rent film and television content, including the Film, through its iTunes platform for a fee.

28. Apple Inc. has reported that it has over 500 million iTunes users.

**Willful Infringement**

29. Netflix is responsible for ensuring that all necessary rights have been secured for content on its streaming service.

30. Amazon.com is responsible for ensuring that all necessary rights have been secured for content on its streaming service.

31. Apple Inc. is responsible for ensuring that all necessary rights have been secured for content on its streaming service.

32. The title of the Song and Plaintiffs' information appear in the end-credits of the Film.

33. Each Defendant is aware that, at all relevant times, it did not have a license to copy, perform, or distribute the Song.

34. Each Defendant failed to seek a license from Plaintiffs to copy, perform or distribute the Song.

35. Each of the Defendants failed to obtain a license to copy, perform or distribute the Song.

36. Each of the Defendants knowingly and willfully continues to offer the Film, which contains the Song, for streaming notwithstanding not having the requisite licenses.

**CLAIMS FOR RELIEF**

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Direct Copyright Infringement – Public Performance)**

37. Plaintiff repeats and re-alleges and incorporates herein by reference all the foregoing allegations as if set forth herein.

38. Each Defendant, without permission or consent of Plaintiffs, and without authority, is publicly performing and purporting to authorize the public performance of the Plaintiffs' registered copyrighted musical work.  Each Defendant causes this work to be publicly performed upon request by users.  Each Defendant's conduct constitutes direct infringement of the Plaintiffs' exclusive rights under the Copyright Act to publicly perform their copyrighted musical work, 17 U.S.C. § 106 (4).

39. Each Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of the Plaintiffs.

40. As a direct and proximate result of each Defendant's infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to their actual damages plus each Defendant's profits from infringement, to be proven at trial.  Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504 (c).

41. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42. Each Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at a law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction requiring Defendants to immediately stop making the Film and the Song available for broadcast through their online services.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Direct Copyright Infringement – Reproduction)**

43. Plaintiffs repeat and re-allege and incorporate herein by reference all the foregoing allegations as if set forth herein.

44. Each Defendant, without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiffs registered copyrighted musical work. Each Defendant's conduct constitutes direct infringement of Plaintiffs' exclusive right under the Copyright Act to reproduce their copyrighted works, 17 U.S.C. § 106 (1).

45. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiffs' rights.

46. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to their actual damages plus each Defendant's profits from infringement, to be proven at trial.  Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504 (c).

47. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

48. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction requiring each Defendant to immediately stop making the Film and the Song available for broadcast through their respective services, and immediately cease any reproduction of the Film or the Song.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Inducement of Copyright Infringement)**

49. Plaintiffs repeat and re-allege and incorporate herein by reference all the foregoing allegations as if set forth herein.

50. Defendants' subscribers have infringed and are infringing on Plaintiffs' rights in their registered copyrighted musical works by, *inter alia*, directing the Defendants' services to publicly perform the Film, which includes the Song.

51. Defendants' subscribers are therefore directly infringing Plaintiffs' exclusive rights of reproduction and public performance, under 17 U.S.C. §§106 (1) and (4).

52. Each Defendant is liable under the Copyright Act for inducing the infringing acts of its subscribers.  Each Defendant operates its service with the object of promoting its use to publicly perform the works available through the service, including the Film, which contains the Song. By its clear expression and other affirmative steps, each Defendant is unlawfully fostering copyright infringement by its users.

53. Defendants are fully aware that Plaintiffs' musical work is copyrighted and authorized for purchase through various outlets, including lawfully authorized online digital download services, such as Apple's iTunes.  Defendants are equally aware that their subscribers are employing

Defendants' respective services to unlawfully publicly perform Plaintiffs' copyrighted musical work.

54. Each Defendant intends, encourages, and induces its subscribers to employ its respective service in the fashion described in paragraph 46 above.

55. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiffs' rights.

56. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to their actual damages plus each Defendant's profits from infringement, to be proven at trial.  Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504 (c).

57. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58. Each Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measure in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a permanent injunction requiring Defendants to immediately stop making the Film and the Song available for broadcast through their respective services.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**(Contributory Copyright Infringement)**

59. Plaintiffs repeat and re-allege and incorporate herein by reference all the foregoing allegations as if set forth herein.

60. Defendants' subscribers have infringed and are infringing Plaintiffs' rights in their registered copyrighted musical works by, *inter alia*, directing the Defendants' respective services to publicly perform the Film, which includes the Song.

61. Defendants' subscribers are therefore directly infringing Plaintiffs' exclusive rights of reproduction and public performance, under 17 U.S.C. §§ 106 (1) and (4).

62. Each Defendant is liable as a contributory copyright infringer for the infringing acts of its subscribers.  Each Defendant enables, induces, facilitates, and materially contributes to each act of infringement by its subscribers.

63. Each Defendant has actual and constructive knowledge that its subscribers are employing their respective streaming service to copy and publicly perform Plaintiffs' copyrighted work.

64. Acting with this actual and constructive knowledge, Each Defendant enables, facilitates, and materially contributes to its subscribers' copyright infringement, which could not occur without their enablement.

65. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiffs' rights.

66. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to their actual damages plus each Defendant's profits from infringement, to be proven at trial.  Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504 (c).

67. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

68. Each Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in

money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are

entitled to a permanent injunction requiring Defendants to immediately stop making the Film and

the Song available for broadcast through their respective services.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Vicarious Copyright Infringement)

69. Plaintiffs repeat, re-allege and incorporate all the foregoing allegations as if set forth

herein.

70. Defendants' subscribers have infringed and are infringing Plaintiffs' rights in their

registered copyrighted musical works by, *inter alia*, directing the Defendants' respective services

to publicly perform the Film, which includes the Song.

71. Defendants' subscribers are therefore directly infringing Plaintiffs' exclusive rights of

reproduction and public performance, under 17 U.S.C. §§ 106 (1) and (4).

72. Each Defendant is vicariously liable for the infringing acts of their subscribers.

73. Each Defendant has both the right and the ability to supervise its subscribers' infringing

conduct, and to prevent its users from infringing Plaintiffs' copyrighted musical work.

74. Defendants significantly and directly benefits from the infringement by their subscribers.

75. Defendants derive substantial revenue tied directly to the volume of subscribers they can

attract to their respective services, which they accomplished in substantial part by offering the

broadest spectrum of domestic and international content to their subscribers for broadcast.

76. Defendants' acts of infringement have been willful, intentional and purposeful, in

disregard of and indifferent to the rights of Plaintiffs.

77. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyright and

exclusive rights under copyright, Plaintiffs are entitled to their actual damages plus each

Defendant's profits from infringement, to be proven at trial.  Alternatively, Plaintiffs are entitled

to the maximum statutory damages pursuant to 17 U.S.C. § 504 (c).

78. Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17

U.S.C. § 505.

79. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause

Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.

Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to

a permanent injunction requiring Defendants to immediately stop making the Film and Song

available for broadcast through their respective services.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant as

follows:

(a)      For a declaration that each Defendant willfully infringed Plaintiffs' copyrights.

(b)      For a permanent injunction requiring that each Defendant and their respective

agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and

all persons acting in concert or participation with each or any of them, cease directly or indirectly

infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or

participating in the infringement of any of Plaintiffs' copyrights or exclusive rights protected by

the Copyright Act, whether now in existence or hereafter created.

(c)      For actual damages plus each Defendant's profits from infringement, as will be

proven at trial, pursuant to 17 U.S.C. § 504(b).  Alternatively, at Plaintiffs' election, statutory

damages pursuant to 17 U.S.C. § 504(c).

(d)     For Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §

505.

(e)     For pre- and post-judgment interest according to law.

(f)     For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
February 18, 2019

                                        KNOX LAW GROUP, P.C.
                                        *Attorneys for Plaintiff*

                     By      _____
                                        Daniel Knox
                                        One Penn Plaza, Suite 2430
                                        New York, NY 10119
                                        dknox@knoxlaw.nyc