

One Penn Plaza
Suite 2430
New York, NY 10119
T  212.239.1114
F  917.398.1217

**DANIEL KNOX**
Managing Attorney
dknox@knoxlaw.nyc

February 5, 2020

<u>**VIA ECF**</u>

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Tamita Brown, et al. v. Netflix, et al.*
        19-cv-1507-ER

Dear Judge Ramos:

This office represents the plaintiffs in the above referenced matter.  This letter is written in response to the defendants' submission today of a "Notice of Supplemental Authority re: [28] Motion to Dismiss", ECF Docket Number 34.

Plaintiffs object to the untimely submission of additional argument by Defendants, where the motion pending before the Court has been fully briefed by the parties. Defendants' filing today comes more than thirty days after submission of their Reply on January 3, 2020.  Accordingly, Defendants' supplemental filing is in violation of Rule 27(a)(4) and should be disregarded.

In the event that the Court sees fit to consider the materials presented by the defendants, notwithstanding the timing of the submission, Plaintiffs respectfully submit that the case law submitted only serves to highlight the egregious defects in Defendants' Motion to Dismiss requiring its denial.

The authority submitted by Defendants is markedly distinct from the case at bar and does not support dismissal of Plaintiffs' claims.  The basis of the appeal in *Estate of Smith v. Cash Money Records, Inc.* was the District Court's decisions concerning Rule 56 Summary Judgment motions that were filed <u>after the close of discovery</u>.  Indeed, the Second Circuit cited to page 325 of the substantial appendix when it compared the "messages" of the two songs (*Estate of Smith*, at 3).

In this case, however, the record is fatally underdeveloped to support a fair use defense.  Perhaps purposefully, Defendants brought their motion before either party could seek discovery of relevant facts.  Also, Defendants failed to submit a declaration of an individual with personal knowledge of facts indispensable for a fair use analysis, including the purpose or 'message' intended by the infringing use of Plaintiff's Song in the Movie.

Accordingly, Defendants' submission should be disregarded as untimely, or, in the alternative, should only serve to underscore the fact that Defendants' motion must be denied.

Very truly yours,

*[signature]*

Daniel Knox